UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ALLEN MCCURRY,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, CDCR Secretary,<br><br>Respondent. | No. 1:22-cv-01398-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 15)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Scott Allen McCurry ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 7, 2023, the assigned Magistrate Judge issued findings and recommendations to deny the petition on its merits. (ECF No. 15.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 21-22.) On April 21, 2023, Petitioner filed objections to the findings and recommendations. (ECF No. 18.) In his objections, Petitioner largely reiterates the arguments

addressed by the Magistrate Judge in the findings and recommendations.  (*See* ECF No. 18.)  For example, Petitioner summarizes his previous argument that the prosecution destroyed evidence in bad faith, failing to address the Magistrate Judge's finding that he had not demonstrated bad faith on the part of the government.  (*See id.* at 11-15.)  Petitioner alleges conclusory statements to assert that the prosecution had destroyed the evidence but provides no evidence.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.  Petitioner neither demonstrated that the state court's adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States nor resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000).

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

      (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

      (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 7, 2023, (ECF No. 15), are adopted in full;
2. The petition for writ of habeas corpus is denied with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 8, 2023                                    
                                              UNITED STATES DISTRICT JUDGE